SALTER, J.
(dissenting).
I respectfully dissent. I would affirm the trial court because of the unusual chronology of this case and the additional information obtained by the officers between the initial stop and the search the following day.

Initial Stop and Later Discovery

Thames appeals from a guilty plea after the denial of his motion to suppress evidence. He was charged with possession of intent to sell cocaine within 1,000 feet of a school and with trespass.[1] The operative facts included three separate incidents: a preliminary investigation and stop; a discovery, later the same day, of a bag of cocaine rocks packaged for sale atop a fence pole only three or four feet from where Thames had been standing when initially observed; and, the following day, an encounter at the same location that resulted in flight by Thames.
I agree with the majority’s conclusion that the stop on the first day was not based on a founded suspicion or probable cause of wrongdoing sufficient under Terry[2] to justify the officer’s detention of Thames in the police vehicle. That was not, however, the end of the story.
Later that first day and in the same location, on top of a fence pole, the police discovered cocaine packaged in a manner ready for sale. There is no record evidence tying the later discovery of that cocaine to any information obtained from Thames in the course of the unlawful Terry stop. This new fact, as well as Thames’ unprovoked flight the second day, could thus be considered for purposes of evaluating the officer’s conduct in his interaction with Thames the following day.

Second Stop

The following day, the same officer observed Thames standing in front of a building next door to the property where he had been standing (and where the cocaine had been found atop the fence pole) *1100 the day before. When Thames saw the officer, he began running away. The officer and his partner pursued Thames and verbally warned him that a taser would be used if he did not stop and get down on the ground. Thames complied, and a pat down search outside his pockets revealed a bag of cocaine rocks packaged for sale. A more thorough search of the pockets then also produced $178.00 in small-denomination bills.

Analysis

Thames raised two issues during the suppression hearing and on appeal. First, he maintains that the arresting officer lacked a reasonable suspicion to stop Thames during their encounter on the second day. Second, Thames asserts that there was no basis under the “plain feel doctrine” to remove the rocks of crack cocaine from his pocket.
As noted, the stop on the second day was based on two facts that had not occurred when Thames was detained the first day. The discovery of a bag of cocaine rocks ready for sale only a few feet from where Thames was standing provided one such fact. The second new fact was Thames’ unprovoked flight. Viewing the trial court’s assessment of this evidence in the required light, I find no error.
“Flight, by its very nature, is not ‘going about one’s business;’ in fact, it is just the opposite.” Illinois v. Wardlow, 528 U.S. 119, 125, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). Here, the arresting officers also knew about the cache of rock cocaine in baggies discovered the previous afternoon, providing the “other suspicious circumstances” that distinguish this case from Cobb v. State, 511 So.2d 698, 699 (Fla. 3d DCA 1987) (attempt to leave the area upon seeing police not, by itself, enough to create a reasonable suspicion). See also Hernandez v. State, 784 So.2d 1124, 1127 (Fla. 3d DCA 1999).
Turning to the discovery of the cocaine rocks in Thames’ pockets after he was stopped, the trial court’s ruling is correct under the so-called “plain feel” doctrine, applicable to “an object whose contour or mass makes its identity immediately apparent” during a pat down for weapons. Minnesota v. Dickerson, 508 U.S. 366, 375, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). The trial court’s evaluation of the officer’s credibility, the officer’s experience with prior crack cocaine arrests, and the manner in which he conducted the pat down, are also entitled to a presumption of correctness.
For all these reasons, I respectfully dissent and would affirm the circuit court suppression order and judgment.

. The trespass charge was later dropped.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).